## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ADRIENNE CAMMARERI, | |
| Plaintiff, | Case No. 2:11-cv-01501-KJD-PAL |
| vs. | **ORDER** |
| BANK OF AMERICA, et al., | |
| Defendants. | |

In a prior order (Dkt #25) the court entered a discovery plan and scheduling order because the parties had not submitted one as required by LR 26-1. The order established a June 18, 2012 discovery cutoff and other deadlines consistent with LR 26-1(e). The parties have now submitted a Discovery Plan (Dkt. #26) which proposes that discovery be stayed until after a decision of Defendant's pending Motion to Dismiss (Dkt. #18) filed January 4, 2012. The motion to dismiss seeks to dismiss the entire complaint, and the parties agree that staying discovery will save time and resources on claims and issues which may ultimately be dismissed. The parties agreed to serve initial disclosures on or before March 8, 2012, and propose that they submit a proposed discovery plan and scheduling order after decision of the motion to dismiss if any claims survive. Finally, the parties agreed to a Claw-Back Provision regarding the inadvertent disclosure of documents produced in discovery in this case.

Having reviewed and considered the matter, and for good cause shown:

1. The parties' stipulation to stay discovery until after decision of the motion to dismiss is **GRANTED.**

2. The parties shall have 14 days from decision of the pending motion to dismiss to submit a proposed discovery plan and scheduling order with respect to any claim that survives.

/ / /

3.  The parties' stipulation regarding a claw-back provision for documents inadvertently disclosed in discovery is **APPROVED** in the form memorialized in the parties' Discovery Plan (Dkt. #26) as follows:

> If a party inadvertently discloses information during discovery which is subject to a claim of privilege or of protection, (1) the party making the claim may notify any party that received the information of the claim and the basis for it, and (2) a lawyer who receives a document relating to the action and knows or reasonably should know that the document was inadvertently sent shall promptly notify the sender. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved if a claimed privilege is disputed; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of a disputed privilege. The producing party must preserve the information until the claim is resolved.

Dated this 13th day of March, 2012.

_____
Peggy A. Leen
United States Magistrate Judge