# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

|  |  |
|---|---|
| ADRIENNE CAMMARERI,<br><br>     Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA, BAC HOME<br>LOANS, COUNTRYWIDE HOME<br>LOANS, INC., MTC FINANCIAL D/B/A<br>TRUSTEE CORPS., *et al.*,<br><br>     Defendants. | Case No. 2:11-CV-1501-KJD-PAL<br><br>**ORDER** |

Presently before the Court is the Motion to Dismiss (#14) filed by Defendant MTC Financial Inc., d/b/a Trustee Corps.  Plaintiff Adrienne Cammareri filed a response in opposition (#18) to which Defendant replied (#20). Plaintiff has also filed a sur-reply (#21).

I. Background

On May 11, 2007, Plaintiff Adrienne Cammareri borrowed $256,400 from Countrywide Home Loans, Inc., secured by a Deed of Trust on property (the "Property") located at 4751 Clover

1    Ridge Street, Las Vegas, Nevada.  The Deed of Trust named Plaintiff as Borrower, Countrywide

2    Home Loans, Inc. as Lender, ReconTrust Company, N.A. as Trustee, and Mortgage

3    Electronic Registration Systems, Inc. ("MERS") as Beneficiary.  Defendant MTC Financial Inc. d/b/a

4    Trustee Corps. ("Defendant") was substituted as Trustee on February 2, 2011.

5        Subsequently, Plaintiff defaulted on her loan. As a consequence, Defendant recorded a Notice

6    of Default on December 15, 2010 on behalf of the beneficiary. As of the date of this Motion, the

7    property has not been sold.

8        On October 17,  2011, Plaintiff filed her Complaint (#3) alleging causes of action against

9    Defendant for (1) fraud; (2) breach of the duty of good faith and fair dealing; (3) quiet title; (4)

10   breach of fiduciary duty; (5) injunctive relief; (6) suitability; (7) negligence; (8) liability per se; (9)

11   unfair lending practices; and (10) intentional infliction of emotional distress.  Plaintiff seeks to enjoin

12   Defendant from selling the Property at foreclosure and seeks punitive damages in an amount in

13   excess of $10,000.  On December 19, 2011, Defendant filed this Motion to Dismiss.[1]

14   II. Discussion

15       A. Legal Standard for Motion to Dismiss

16       Pursuant to Federal Rule of Procedure Rule 12(b)(6), a complaint is subject to dismissal when

17   the plaintiff's allegations fail to state a claim upon which relief can be granted.  In considering a

18   motion to dismiss, "all well-pleaded allegations of material fact are taken as true and construed in a

19   light most favorable to the non-moving party." Wyler Summit Partnership v. Turner Broadcasting

20   System, Inc., 135 F.3d 658, 661 (9th Cir.1998) (citation omitted).  Consequently, there is a strong

21   presumption against dismissing an action for failure to state a claim.  See Gilligan v. Jamco Dev.

22

23       [1] The Court notes that Defendants BAC Home Loans, Bank Of America, and Countrywide Home Loans, Inc.
24   filed a document (#19) purporting to join Defendant MTC Financial's Motion to Dismiss.  The Federal Rules of Civil
     Procedure do not provide a mechanism for parties to join the motions of other parties. The Court discourages this
25   unhelpful practice, particularly when, as here, the joinder contains 13 pages of additional argument and was filed after
     Plaintiff filed her opposition to MTC Financial's Motion to Dismiss.  Generally the arguments of each party should be
26   presented in a separate motion which can be individually docketed, responded to, and addressed by the Court. See
     District of Nevada, Special Order 109.

1   Corp., 108 F.3d 246, 249 (9th Cir.1997) (citation omitted).  "To survive a motion to dismiss, a

2   complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

3   plausible on its face.'"  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v.

4   Twombly, 550 U.S. 544, 570 (2007)).

5          Plausibility, in the context of a motion to dismiss, means that the plaintiff has pleaded facts

6   which allow "the court to draw the reasonable inference that the defendant is liable for the

7   misconduct alleged." Id.  The plausibility standard is "more than a sheer possibility that a defendant

8   has acted unlawfully," yet less than a "probability requirement." Id.  The Iqbal evaluation illustrates a

9   two prong analysis.  First, the Court identifies "the allegations in the complaint that are not entitled to

10  the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or

11  merely conclusory.  Id. at 1949–51.  Second, the Court considers the factual allegations "to determine

12  if they plausibly suggest an entitlement to relief."  Id. at 1951.  If the allegations state plausible

13  claims for relief, such claims survive the motion to dismiss.  Id. at 1950.

14         Plaintiff is representing herself pro se.  Courts must liberally construe the pleadings of pro se

15  parties.  See United States v. Eatinger, 902 F.2d 1383, 1385 (9th Cir. 1990). However, "pro se

16  litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of

17  record." Jacobsen v. Filler, 790 F.2d 1362, 1364 (9th Cir. 1986).

18         B. Local Rule 7-2 (d)

19         Local Rule 7-2 (d) provides that the failure of a moving party to file points and authorities in

20  support of the motion shall constitute a consent to the denial of the motion.  The failure of an

21  opposing party to file points and authorities in response to any motion shall constitute a consent to

22  the granting of the motion.

23         Even in light of the generous standards afforded to pro se litigants, Plaintiff's opposition fails

24  to meaningfully address any of the points raised by Defendant in support of its Motion.  Much of the

25  response provided by Plaintiff is inapplicable to the issues raised by Defendant.  Even if Plaintiff had

26  provided opposition, Defendant is entitled to dismissal as set forth below.

C. Fraud Claim

To state a claim for fraud, a plaintiff must plead: (1) a misrepresentation; (2) defendant's knowledge of falsity; (3) defendant's intent to defraud; (4) plaintiff's justifiable reliance, and (5) resulting damages. Urbina v. Homeview Lending, Inc., 681 F.Supp.2d 1254, 1260 (D. Nev. 2009). Federal Rule of Civil Procedure 9(b) requires all allegations of fraud to be stated "with particularity." See also, Schreiber Dist. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986) (the pleader must allege the "time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation").

In the Complaint, Plaintiff alleges "Defendants offered the loan for one price, but then provided the loan for a different price." (Dkt. # 3). However, the complaint lacks any specific allegations against Defendant alleging false representations or otherwise showing that it was involved in the alleged fraud. Plaintiff thus fails to meet the "particularity" requirement to establish an allegation of fraud and accordingly, this claim fails.

D. Breach of Duty of Good Faith and Fair Dealing

To allege a claim for breach of the covenant of good faith and fair dealing, plaintiff must claim: 1) plaintiff and defendant were parties to a contract; 2) defendant owed a duty of good faith to plaintiff; 3) defendant breached that duty by performing in a manner that was unfaithful to the purpose of the contract; and 4) plaintiff's justified expectations were denied. Perry v. Jordan, 900 P.2d 335, 338; see Hilton Hotels v. Butch Lewis Productions, 808 P.2d 919, 923 (1991). Under Nevada law, "[e]very contract imposes upon each party a duty of good faith and fair dealing in its performance and execution." A.C. Shaw Contr. v. Washoe County, 784 P.2d 9 (Nev. 1989). A plaintiff may assert an action if the defendant intentionally breaches the intention and spirit of the agreement. Morris v. Bank of America, 886 P.2d 454, 457 (Nev. 1994) (citing Hilton Hotels v. Butch Lewis Productions, 808 P.2d 919, 922-23 (1991)).

Plaintiff has alleged no contractual relationship between Plaintiff and Defendant. Defendant argues that it is not a party to the Promissory Note, nor to the Deed of Trust. Further, judicially

4

1  noticeable documents reflect that Defendant was substituted as trustee on Feb. 2, 2011, nearly four

2  years after Plaintiff signed the loan. Since the Complaint contains no facts indicating that Defendant

3  owes a contractual obligation to Plaintiff, the claim against Defendant for breach of contract is

4  dismissed.

5      E. Quiet Title

6      In Nevada, a quiet title action can be brought only against one who claims an adverse interest

7  in property. NRS 40.010.  "In a quiet title action, the burden of proof rests with the plaintiff to prove

8  good title in himself." Breliant v. Preferred Equities Corp., 918 P.2d 314, 318 (Nev. 1996).  The

9  recorded titleholder is presumed to be the true titleholder.  This presumption must be overcome by

10  the plaintiff.  Biasa v. Leavitt, 692 P.2d 1301, 1304 (1985).  Further, Courts have held that an action

11  for quiet title "should be dismissed where plaintiff's claim is not based on a cognizable legal theory."

12  Elias v. HomeEQ Servicing, 2009 WL 481270, at *2 (D.Nev. Feb. 25, 2009).

13      Here, Defendant claims it has no adverse interest in the Property because Defendant acted

14  merely as a foreclosure trustee, and has never made any claim of interest in the Property.  Plaintiff

15  has not responded to this argument.  See LR 7-2.

16       Additionally, a basic requirement of an action to quiet title is an allegation that the plaintiff is

17  the rightful owner of the property. Lasao v. Stearns Lending Co., 2011 WL 3273923 at 8-9 (D. Nev).

18  Plaintiff can become a rightful owner by satisfying her obligations under the Deed of Trust.

19  However, it is undisputed that the Property is encumbered by a mortgage and that Plaintiff is in

20  default.  Plaintiff cannot hold good and clear title to the property.  Accordingly, her claim fails.

21      F. Breach of Fiduciary Duty

22      A non-judicial foreclosure trustee has neither the legal powers nor the obligations of a trustee

23  under traditional trust law.  Orzoff v. Bank of America, N.A., 2011 WL 1539897 at 3 (D. Nev. 2011).

24  See also, Erickson v. PNC Mortgage, 2011 WL 1626582 at 2 (D. Nev. 2011) ("MTC Financial, as a

25  foreclosure trustee, does not owe a fiduciary duty to [trustors].").  The scope and nature of a trustee's

26  duties are exclusively defined by the deed of trust and the governing statutes. Banc of America

5

1   Leasing & Capital, LLC v. 3 Arch Trustee Services., 180 Cal. App. 4th 1090, 1097-1098 (2009).  No

2   other common law duties exist.  Hendrickson v. Popular Mortgage Servicing, Inc., 2009 WL

3   1455491 at 7 (N.D. Cal. 2009).

4          Plaintiff has not alleged that Defendant violated any duty defined by the deed of trust or

5   statute.  Accordingly, Plaintiff fails to state a cognizable claim for breach of fiduciary duty.

6   Defendant's motion to dismiss this claim is granted.

7          G. Injunctive Relief

8          Injunctive relief is not a separate cause of action or an independent ground for relief. See In re

9   Wal-Mart Wage & Hour Employment Practices Litig., 490 F.Supp.2d 1091, 1130 (D.NV. 2007).

10  Claims for injunctive or declaratory relief are remedies that may be afforded to a party after they have

11  sufficiently established and proven their claims. Id.  Because Plaintiff has not stated any claims for

12   which injunctive relief could be granted, she is not entitled to injunctive relief.  The Court dismisses

13  this claim.

14         H. Suitability

15         Common law does not impose any additional obligations on a foreclosure trustee other than

16  those specifically stated in the deed of trust or the governing statues. See Weingartner v. Chase Home

17  Finance, LLC, 702 F.Supp.2d 1276, 1291 (D.Nev. 2010). The trustee's limited duties are twofold: (1)

18  to "reconvey" the deed of trust to the trustor upon satisfaction of the debt owed to the beneficiary,

19  resulting in a release of the lien created by the deed of trust, or (2) to initiate nonjudicial foreclosure

20  on the property upon the trustor's default, resulting in a sale of the property. Vournas v. Fidelity Nat.

21  Tit. Ins. Co., 73 Cal. App. 4th 668, 677 (1999).

22         Plaintiff alleges that Defendant had a duty to present her only with the most suitable loans.

23  (Dkt. #3).   However, because Defendant is not the lender and because Defendant does not owe any

24  other duty or obligation to Plaintiff, the suitability claim fails.

25

26

1    I. Negligence

2    In order to state a claim for negligence, a plaintiff must prove four elements: (1) that the

3    defendant owed plaintiff a duty of care; (2) that defendant breached this duty of care; (3) that the

4    breach was the legal cause of plaintiff's injury; and (4) that plaintiff suffered damages. . . ."

5    Hammerstein v. Jean Dev. West, 907 P.2d 975, 977 (Nev. 1995).

6    As discussed above, Defendant argues that it owes no duty of care to Plaintiff beyond its

7    obligations stated in the deed of trust.  Plaintiff has not averred in the Complaint facts that plausibly

8    show a breach of any duty of care owed by Defendant.  Accordingly, the negligence claim fails.

9    J. Liability Per Se

10   Section 1640 (e) of Truth in Lending Act ("TILA") provides that "any action under this

11   section may be brought…within one year from the date of the occurrence of the violation."  The date

12   of the violation refers to the date "the loan documents were signed."  Meyer v. Ameriquest Mortgage

13   Co., 342 F.3d 889, 902 (9th Cir. 2003).

14   The Deed of Trust shows that Plaintiff signed the loan documents in 2007.  However,

15   Plaintiff did not file her Complaint until 2011, almost four years later. Accordingly, her claims under

16   TILA are barred by the statute of limitations.

17   K. Unfair Lending Practices

18   In Nevada, a lender cannot knowingly originate a home loan for a borrower without

19   determining whether the borrower has the ability to repay the loan. NRS §598D.100(1)(b). Claims

20   under NRS §598(D) are limited by a two-year statute of limitations. NRS §11.190(4)(b); Taylor v.

21   World Sav. Bank, F.S.B., 2012 WL 14028 (D.Nev.2012).

22   As discussed above, because Defendant is not a lender and made no loan to Plaintiff this

23   claim fails.

24   L. Intentional Infliction of Emotional Distress

25   In order to assert a claim of intentional infliction of emotional distress, a plaintiff must prove

26   that (1) the defendant engaged in extreme and outrageous conduct with the intention of causing

7

emotional distress or acted with reckless disregard for plaintiff's emotional distress; (2) the plaintiff suffered severe or extreme emotional distress as a result; and (3) the defendant's action were the proximate cause of plaintiff's emotional distress.  Jordan v. State, 121 Nev. 44 (Nev. 2005); Byrd v. Meridian Foreclosure Service, 2011 WL 1362135 at 2 (D. Nev.).

In her Complaint, Plaintiff does not identify any actions by Defendant that rise to the level of "extreme and outrageous conduct," plausibly showing that she suffered severe emotional distress, or showing that Defendant's action was the proximate cause of any distress.  Accordingly, the Complaint fails to state a claim for intentional infliction of emotional distress.

III. Conclusion

**IT IS HEREBY ORDERED THAT** the Motion to Dismiss (#14) of Defendant MTC Financial Inc., d/b/a Trustee Corps. is **GRANTED**.

DATED this 21th day of June 2012

_____
Kent J. Dawson
United States District Judge